JOHN ROBERT HERBERT AND JUANITA HERBERT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Herbert v. Commissioner
Docket No. 6493-78.
United States Tax Court
T.C. Memo 1980-458; 1980 Tax Ct. Memo LEXIS 128; 41 T.C.M. (CCH) 178; T.C.M. (RIA) 80458; October 9, 1980, Filed Juanita Herbert, pro se. Warren R. Calvert, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $270 in petitioners' Federal income tax for the year 1975. The only issue presented for decision is whether the petitioners are entitled to a section 151 [1] dependency exemption deduction for Mr. Herbert's daughter, Shay, *129 for 1975. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation and supplemental stipulation of facts and attached exhibits are incorporated herein by this reference. John Robert Herbert and Juanita Herbert (petitioners) are husband and wife, who resided in Cincinnati, Ohio, when they filed their petition in this case. They filed their joint Federal income tax return for 1975 with the District Director of Internal Revenue at Cincinnati. John Herbert and Carol Susan Herbert (hereafter sometimes referred to as John and Carol, respectively) were divorced in February 1968. The divorce decree provided that the custody of their daughter, Shay, was awarded to Carol. The divorce decree also provided that John was to pay $30 per seek for the support of Shay. During 1975 John made child support payments for Shay in the total amount of $1,560. In addition thereto the petitioners made other expenditures of at least $337 for Shay's support in that year. These consisted of child care, food, entertainment and gifts. Petitioners' total support *130 expenditures for Shay in 1975 were $1,897. Shay was 10 years old in 1975 and in the custody of her mother. However, she visited with the petitioners during that year. Shay lived in Carol's home at 368 Tiverton Way, Lexington, Kentucky. The fair rental value of the house was approximately $200 per month. For one month during 1975 Carol's brother, Richard Snapp, was living in the home. In 1975 Carol worked as a secretary in the Animal Science Department, University of Kentucky. She earned gross income of $7,200 from that job. She also operated a small business in her home for "Home Interiors" from which she earned no income. The total support of Shay in 1975 was as follows: Item
Amount
Shelter
$1,167.00
Food
557.78
Utilities
290.97
Telephone
100.00
Medical
169.15
Clothing
300.00
Child Care
380.00
Transportation
50.00
Gifts
79.77
School Expenses
302.50
Miscellaneous
250.00
Total
$3,647.17
The above total support figure for Shay is slightly more than the amount ($3,567.72) previously reported on September 20, 1976, by Carol to the Internal Revenue Service of Form 2038-B. Of the total support for Shay in 1975, the petitioners *131 provided $1,897 and Carol provided $1,750.17. ULTIMATE FINDING OF FACT Petitioners provided over half of the support for Shay Herbert during the year 1975. OPINION As reflected in our findings of fact and ultimate finding, we hold that the petitioners are entitled to the dependency exemption deduction for Shay for 1975. The issue turns essentially on the facts and upon the application of section 152(e)(2)(B). [2]
Since the petitioner John Herbert, the non-custodial parent, provided over $1,200 for the support of Shay *132 during 1975, section 152(e)(2)(B)(ii) shifts the burden to Carol, the custodial parent, to "clearly establish" that she provided more for Shay's support than John. Where, as here, the parent having custody of the child is not a party to the Tax Court case, the burden, in essence, falls upon the respondent to overcome the presumption favoring the parent not having custody. , affd. per curiam . In our judgment the evidence here does not clearly establish that Carol provided more for Shay's support during 1975 than the petitioners. We think Carol's testimony was vague in several respects and that her estimates and documentation with respect to various support items were inflated and inaccurate. The data submitted at the trial does not coincide with that previously submitted by her to the Internal Revenue Service. We are not satisfied that $4,328.79 was expended in 1975 for the support of Shay, who was only 10 years old at that time. Moreover, it is doubtful whether Carol had sufficient income available in that year to have made the total expenditures indicated by her records and *133 her testimony. Accordingly, we decide the disputed issue in favor of petitioners. Decision will be entered for the petitioners. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩
2. SEC. 152(e). Support Test in Case of Child of Divorced Parents, etc.-- (2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody.↩